**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| GERTI MUHO, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N14C-08-170 EMD CCLD |
| | ) | |
| v. | ) | |
| | ) | |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER DENYING
DEFENDANT'S MOTION FOR RULE 11 SANCTIONS**

Upon consideration of Defendant's Motion for Rule 11 Sanctions (the "Motion")

filed by Defendant Wilmington Trust, National Association ("Wilmington Trust");

Plaintiff's Response to Defendant's Motion for Sanctions (the "Response") filed by

Plaintiff Gerti Muho; the letter, dated June 15, 2015, from Chad M. Sandler, Esq., to the

Honorable Eric M. Davis (the "Letter"); all briefs, exhibits and affidavits filed in support

of the Motion, the Response and the Letter; the presentation and representations made at

the hearing held on June 30, 2015 on the Motion; and the entire file (pleadings, etc.) of

this action,

*INTRODUCTION:*

This is a civil action where Mr. Muho, acting *pro se*, brings a number of claims

against Wilmington Trust relating to Wilmington Trust's successful action to interplead

funds that Mr. Muho alleges were improperly converted by Wilmington Trust. In an

August 20, 2014 Complaint (the "Complaint"), Mr. Muho asserts the following claims

against Wilmington Trust: (1) negligence; (2) conversion; (3) vicarious liability – aiding

and abetting; and (4) breach of contract. Wilmington Trust moved to dismiss all of Mr. Muho's claims, setting forth a number of theories for dismissal. After briefing and a hearing, the Court dismissed the Complaint.

Through the Motion, Wilmington Trust moves this Court to impose sanctions against Mr. Muho for violations of Civil Rule 11 Sanctions. Wilmington Trust requests an award of reasonable attorneys' fees and that the Court bar Mr. Muho from further *pro se* actions against Wilmington Trust in the various Delaware State Courts.

*STANDARD OF REVIEW*

A motion for sanctions under Civil Rule 11 must meet three procedural requirements: (1) the motion must be made "separately from motions or other requests;" (2) the motion must "describe the specific conduct alleged to violate [Civil Rule 11(b)(1)];" and (3) the motion may "not be filed with or presented to the Court unless, within 21days after service of the motion … the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."[1] As a matter of substance, a party may move for sanctions under Civil Rule 11(c) when the opposing party violates Civil Rule 11(b).[2]

Civil Rule 11(c) sanctions are only appropriate when a party violates Civil Rule 11(b). Civil Rule 11(b) provides:

> By representing to the Court a pleading, written motion, or other paper an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief …:
>
>> (1) [The pleading] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

---

[1] Super. Ct. Civ. R. 11(c)(1)(A).
[2] Super. Ct. Civ. R. 11(c).

(2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) The allegations and other factual contentions have evidentiary support, of if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The denials of factual contentions are warranted on the evidence or, if specifically identified, are reasonably based on a lack of information or belief.[3]

*PARTIES' CONTENTIONS*

Wilmington Trust contends that the Complaint fails to comply with Civil Rule 11(b) because the Complaint (i) is designed to harass Wilmington Trust and unnecessarily increase the costs of litigation; and (ii) lacks evidentiary support for the Complaint's various allegations and other factual contentions. Accordingly, Wilmington Trust argues that Civil Rule 11(c) sanctions are appropriate.

Mr. Muho asks the Court to deny the Motion. Mr. Muho contends that he did not file his claims in bad faith. Mr. Muho argues that Civil Rule 11 sanctions are not the proper avenue for reimbursement of prior litigation costs. Finally, Mr. Muho highlights the fact that he is *pro se*, and that it took him three attempts to learn how to properly sue Wilmington Trust.

*DISCUSSION*

Wilmington Trust meets all of the procedural requirements in moving for Civil Rule 11 sanctions. First, the Motion was filed separately from any other motions or

---

[3] Super. Ct. Civ. R. 11(b).

requests made by Wilmington Trust in this civil action. Second, the Motion describes the specific violations as follows: "(1) [The complaint] is designed to harass Wilmington Trust and unnecessarily increase[s] the costs of litigation; and, (2) the allegations and other factual contentions lack evidentiary support." Third, Wilmington Trust filed the Motion with the Court twenty-five (25) days after Mr. Muho was served with Wilmington Trust's motion to dismiss and Mr. Muho failed to withdraw the Complaint.

Nevertheless, Civil Rule 11(c) sanctions are only appropriate when a party violates Civil Rule 11(b). Here, Mr. Muho did not violate Civil Rule 11(b) by filing the Complaint because, to the best of his knowledge, information and belief, the requirements of Civil Rule 11(b)(1), (2), (3) and (4) were met. This is evident by the forty-nine (49) page brief filed by Mr. Muho in response to Wilmington Trust's motion to dismiss the Complaint, the arguments made by Mr. Muho in support of his opposition to the motion to dismiss, and by the fact that none of Mr. Muho's previous suits involving Wilmington Trust asserted the same causes of action made in the Complaint. While the Complaint contains claims not warranted by existing law and allegations unsupported by the evidence, to the best of Mr. Muho's knowledge, his claims were warranted, and his allegations were supported by the evidence.

From this point forward, however, Mr. Muho is on notice that claims relating to Wilmington Trust's successful action to interplead funds that Mr. Muho contends were improperly converted by Wilmington Trust lack merit and should not be asserted in any new or pending litigation. Moreover, any attempt by Mr. Muho to assert such claims in any new or pending litigation would be frivolous and could expose Mr. Muho to sanctions by the presiding court.

4

**IT IS HEREBY ORDERED** that, for the reasons set forth herein, the Motion is

**DENIED.**

Dated: July 8, 2015
Wilmington, Delaware

/s/ *Eric M. Davis*

Eric M. Davis
Judge